UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                            Plaintiff/Petitioner,<br><br>v.<br><br>DAVID FEATHERSTONE,<br><br>                            Defendants/Respondents. | 25-cv-_____ |

**APPLICATION BY THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER PURSUANT TO SECTION 20(c) OF THE SECURITIES ACT OF 1933 AND SECTION 21(e) OF THE SECURITIES EXCHANGE ACT OF 1934 TO ENFORCE COMPLIANCE WITH A COMMISSION ORDER**

Plaintiff-Petitioner United States Securities and Exchange Commission (the "Commission") applies to the Court to enter a Final Judgment against Defendant-Respondent David Featherstone ("Featherstone" or "Defendant") to enforce the Commission order entered against him on January 4, 2021 ("Final Order") pursuant to applicable statutory authority.  Entry of a Final Judgment will aid the Commission's efforts to collect the approximately $83,000 Featherstone owes the Commission.  Declaration of Maureen Peyton King ("King Declaration" or "King Decl.") ¶ 4.

## PARTIES

1. **The Commission** is an agency of the United States Government.  The Commission's principal office is located at 100 F Street, NE, Washington, DC 20549.  The Commission's New York Regional Office is located at 100 Pearl Street, Room 20-100, New York, New York 10004.

2.     **David Featherstone** is a resident of Dallas, Texas.  King Decl. Ex. 3.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction of this Application under Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e).

4.     Venue lies in this District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v, and Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), because Featherstone resides in this district.

## FACTUAL BACKGROUND

5.     The Commission seeks to convert a Commission order against Featherstone to a Final Judgment pursuant to Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), and Section 21(e) of the Exchange Act, 15 U.S.C. § 78u(e), to aid the Commission's efforts to collect the approximately $83,000 Featherstone continues to owe the SEC.  King Decl. ¶ 4.  *See, e.g.*, *Federal Debt Collection Procedures Act*, 28 U.S.C. §§ 3201-3206 (post-judgment collection statutes for penalties); Federal Rule of Civil Procedure 69 (post-judgment discovery).

6.     There are three Commission Orders relevant to this matter: an order making findings, an initial decision, and a final order.  *See* King Decl., Exs. 1-3; Ex. 2 (reciting the procedural history).

7.     On November 14, 2017, the Commission entered an Order Making Findings, Imposing Remedial Sanctions and a Cease-and-Desist Order Pursuant to Section 8A of the Securities Act of 1933, Sections 15(b) and 21C of the Exchange Act of 1934 and Ordering Continuation of the Proceedings, to which Featherstone consented ("Findings Order").  A copy of the Findings Order is attached as Exhibit 3 to the King Declaration.

8. On December 20, 2019, the Commission entered its Initial Decision, which resolved remaining factual issues as well as issues concerning Featherstone's ability to pay. King Decl. Ex. 2.

9. On January 4, 2021, the Commission filed a Notice that Initial Decision Has Become Final ("Final Order"). King Decl. Ex. 1.

10. The Findings Order provides a more complete description of Featherstone's conduct. King Decl. Ex. 3.

11. In sum, the Findings Order states that from at least November 2013 through November 2015, Featherstone and others acted as brokers for the sale of approximately $12.5 million in Verto Notes that an entity, Verto, issued to individual investors. King Decl. Ex. 3.

12. However, no registration statement was filed or in effect for the offering and sales of Verto Notes, and no valid exemption from registration existed for the Verto Notes offering. *Id.*

13. Featherstone earned $120,760 in commissions from forbearance or sales of 25 notes, with a principal value of over $2.3 million, to 8 investors. *Id.*

14. The Findings Order states that as a result of the conduct described above, Respondents willfully committed violations of: (i) Securities Act Section 5(a) and (c), which prohibit the direct or indirect sale or offer for the sale of securities unless a registration statement is filed or in effect; and (ii) Exchange Act Section 15(a)(1), which prohibits a broker from making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of securities, without first being registered as or associated with a registered broker-dealer. *Id.*

15. The Initial Decision ordered Featherstone to disgorge $60,380 plus prejudgment interest and a civil penalty of $3,750 within 21 days of when the Initial Decision became final. *Id.* Ex. 2.

16. The Final Order, dated January 4, 2021, provided notice that the time to file a petition for review had expired, Featherstone had not filed a petition, and the Initial Decision had become final. King Decl. Ex. 1. *See also* Section 9 of the Securities Act, 15 U.S.C. § 77i; Section 25 of the Exchange Act, 15 U.S.C. § 78y(a)(1) (requiring that review be sought within 60 days).

17. Thus, Defendant-Respondent was required to pay the disgorgement, prejudgment interest and penalty ordered within 21 days of January 4, 2021. *Id.*

18. To date, Featherstone has not paid in full the disgorgement, prejudgment interest, and penalty he owes the Commission. King Decl. ¶ 4.

19. As of May 2, 2025, Featherstone owes $83,276.22 and interest is accruing at a rate of $15.23 per day. *Id.*

## ARGUMENT

20. The Commission brings this proceeding pursuant to the applicable sections of the securities laws, here, Sections 20(c) of the Securities Act, 15 U.S.C. § 77t(c), and 21(e) of the Exchange Act, 15 U.S.C. § 78u(e), which grant the district court the authority to enter an order compelling compliance with the Final Order.

21. Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), provides:

> Upon application of the Commission, the district courts of the United States and the United States Courts of any Territory shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this subchapter or any order of the Commission made in pursuance thereof.

22. Section 21(e) of the Exchange Act, 15 U.S.C. § 78u(e), provides:

> Upon application of the Commission the district courts of the United States and the United States courts of any territory or other place subject to the jurisdiction of the United States shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder….

23. These summary proceedings are commenced by service of an Order to Show Cause and the application, rather than by service of a summons and a complaint. *See, e.g.*, *SEC v. S.W. Hatfield, CPA, and Scott Hatfield, CPA*, 3:18-mc000004-M (N.D. Tex. 2018) (initiated with an Order to Show Cause); *SEC v. Coronati*, 2016 WL 6462261 (E.D.N.Y. Nov. 1, 2016) (initiated with an Order to Show Cause).

24. A Commission order must be appealed within 60 days. *See* 28 U.S. Code § 2107 (permitting 60 days for an appeal when a United States agency is a party). Here, the time to appeal has long passed as the Commission order was entered in 2019. King Decl. Ex. 2. Indeed, the Final Order recognized that the time to petition for review had expired. King Decl. Ex. 1.

25. What's more, the merits of the ALJ's decision cannot be reviewed in this proceeding because "[f]inal orders of the Commission are reviewable only in the United States Courts of Appeals." *SEC v. Pinchas*, 421 F. Supp. 2d 781, 783 (S.D.N.Y. 2006) (citations and internal quotation marks omitted); *see also* 15 U.S.C. §§ 77i(a), 78y(a) (conferring exclusive jurisdiction over appeals from SEC final orders entered pursuant to the Securities Act and Exchange Act on the United States Courts of Appeals). *See also SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003) ("By the time a § 21(e) application is filed by the [SEC], the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order.").

WHEREFORE, the Commission respectfully requests:

**I.**

That the Court enter an Order to Show Cause, pursuant to Section 20(c) of the Securities Act and 21(e) of the Exchange Act, directing the Defendant to show cause why this Court should not enter an order enforcing his compliance with the Final Order.

**II.**

That the Court enter a judgment enforcing the Final Order and requiring that Featherstone pay the SEC what he owes.

**III.**

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

**IV.**

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 et seq.

**V.**

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

## VI.

That the Court order such other and further relief as may be just and proper.

Dated:   New York, New York
         August 6, 2025

    s/ *Maureen Peyton King*
Attorney for Plaintiff – pro hac pending
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004
Tel.: 212-336-0111 (King)
E-mail: kingmp@sec.gov